IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHRISTOPHER ANDREW MALDONADO,<br><br>Plaintiff,<br><br>vs.<br><br>PETERSON, ET AL.,<br><br>Defendants. | CV 25-160-M-DLC<br><br><br>ORDER |

Plaintiff Christopher Andrew Maldonado filed a Complaint alleging violations of his constitutional rights at Missoula County Detention Center. (Doc. 2.) The Complaint failed to state a federal claim for relief, but Maldonado was allowed to amend. (Doc. 6.) His Amended Complaint also fails to state a claim for relief and is dismissed. (Doc. 9.)

Maldonado is a pretrial detainee at Missoula County Detention Center in Missoula, Montana. His Amended Complaint, like his original Complaint, alleges violations of his federal due process rights and various Montana Constitutional provisions at Missoula County Detention Center. (Doc. 9.) His Amended Complaint elaborates his claims quite a bit, quoting various policies of Missoula County and increasing the detail of his allegations, but, in the end, he has failed to state a claim. Allegations of purported violations of state prison regulations, policies or procedures do not suffice to plead a

1

constitutional claim. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009). For the reasons explained in the Court's prior Order and incorporated here, Maldonado has not alleged facts to show his due process rights were violated by his various classifications and movements related to his conduct in the detention center.

    Maldonado also elaborated his allegations regarding racial discrimination. (Doc. 9 at 17 – 18.) He has identified himself as Hispanic, a detail missing from his original Complaint. In his Amended Complaint, he alleges that two other white individuals were "written up on similar violations, and were not treated" the same as Maldonado was. (Doc. 9 at 17.) Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 – 681 (2009). A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678. Maldonado's factual assertions are too vague, given the fact-intensive aspect of any disciplinary action. Even if the allegation that two particular white inmates were treated differently is accepted as true, Maldonado's allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

He fails to allege sufficient facts to state a plausible claim.

Accordingly, it is HEREBY ORDERED:

1. Maldonado's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close the case and enter judgment. All pending motions are denied as moot.

2. The Clerk of Court shall have the docket reflect that the appeal of this matter would not be taken in good faith. This dismissal counts as a strike against Maldonado within the meaning of 28 U.S.C. § 1915.

DATED this 23rd day of December, 2025.

_____
Dana L. Christensen, District Judge
United States District Court